UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LE'BARRON GRAY,<br><br>Plaintiff,<br><br>v.<br><br>DR. N. ODELUGA, et al.,<br><br>Defendants. | Case No. 1:19-cv-0183-JLT (PC)<br><br>**ORDER TO ASSIGN A DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff has filed a second amended complaint asserting constitutional claims against a governmental employee. (Doc. 15.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

1

# I. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a state inmate housed at North Kern State Prison ("NKSP") in Delano, California. Plaintiff brings this action against Dr. A. Shittu, the NKSP Chief Physician and Surgeon. Plaintiff seeks several million dollars in damages and injunctive relief in the form of a transfer to a high risk medical correctional facility.

Plaintiff's allegations may be fairly summarized as follows:

On February 8, 2016, Dr. Yaplee, a NKSP-contracted medical provider, performed a surgery on plaintiff's left eye. When plaintiff complained about pain following the surgery, he was referred to Dr. Tawansy, another NKSP-contracted medical provider. Dr. Tawansy eventually performed

two eye surgeries on plaintiff: one to correct the surgery performed by Dr. Yaplee and one to correct an eye surgery performed by a Dr. Lauritzen from June 2012.

After Dr. Tawansy performed the two surgeries, plaintiff was scheduled to be seen by Dr. Lauritzen for further care. But because Dr. Lauritzen botched the 2012 surgery that later required corrective surgery, plaintiff filed an inmate grievance contesting the referral. Liberally construing the pleading, plaintiff also requested to be seen by Dr. Tawansy.

Dr. Shittu denied plaintiff's grievance and request for referral to Dr. Tawansy without consulting plaintiff's health records. On August 22, 2018, Dr. Shittu instructed or authorized NKSP medical staff to fabricate a medical form indicating that plaintiff then refused treatment by Dr. Lauritzen.

Several months later, in January 2019, plaintiff learned that another inmate had been referred to Dr. Tawansy. Plaintiff, who still sought care by this provider, submitted a request for referral, which was denied. Instead, on April 25, 2019, plaintiff was again sent to Dr. Yaplee, who referred plaintiff back to Dr. Tawansy.

On May 2, 2019, Dr. Shittu conducted a face-to-face interview with plaintiff. Dr. Shittu allegedly told plaintiff that he could only see Dr. Tawansy for an emergency and that his situation did not warrant an emergency. Later that same day, a facility physician gave plaintiff a vision impairment test. Four days later, plaintiff was seen by a Dr. Tesluk, another outside physician, for a second opinion. Dr. Tesluk determined that plaintiff's vision in his right eye was beyond repair. Dr. Tesluk also said that because of plaintiff's advanced glaucoma, he was not a good candidate to have surgery on his left eye, leaving plaintiff permanently vision impaired.

**III.    Discussion**

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

1 | Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his

needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Plaintiff's claim against Dr. Shittu is premised on this defendant's refusal to grant plaintiff's request for referral to Dr. Tawansy, an emergency medical provider. Any actionable claim against this defendant, of course, must invoke more than his mere participation in the denial of an inmate grievance, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), and it may not be limited to a disagreement over the proper course of treatment, Sanchez, 891 F.2d at 242.

Plaintiff attempts to bypass these hurdles by alleging, first, that Dr. Shittu's August 2018 denial of the referral to Dr. Tawansy was made after Dr. Shittu allegedly failed to review plaintiff's medical records, which would have shown the severity of plaintiff's condition. These allegations suggest only negligence on the part of Dr. Shittu, which cannot serve as the basis of a constitutional claim. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff then alleges that Dr. Shittu's May 2019 refusal to refer plaintiff to Dr. Tawansy was in retaliation for plaintiff's earlier-filed healthcare grievance. Though retaliatory conduct like this may be actionable, it is barred in this action because this wholly new claim occurred approximately three months *after* plaintiff filed this case, meaning that plaintiff could not have exhausted his administrative remedies prior to filing suit. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Because further amendment would not remedy this problem, the second amended complaint must be dismissed without leave to amend.

**IV.    Conclusion**

Based on the foregoing, the Court **ORDERS** that a district judge be assigned to this case; and

The Court **RECOMMENDS** that the second amended complaint be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 12, 2020**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE